UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROOFERS LOCAL 149 PENSION FUND**, <br><br> Plaintiff, <br><br> vs. <br><br> **KAIJA MENYON PACK**, and **DIANA PERRY**, <br><br> Defendants. | 2:19-cv-10628 <br><br> HON. TERRENCE G. BERG <br> HON. ANTHONY P. PATTI <br><br> **ORDER MODIFYING IN PART REPORT AND RECOMMENDATION (ECF NO. 36),** <br><br> **GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS (ECF NO. 31), AND** <br><br> **DENYING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (ECF NO. 37)** |

As a member of the Roofers Local 149, Charles Edwards, Jr. left a monthly annuity benefit to his spouse when he died. Due to irregularities in finalizing an earlier divorce, both Defendant Kaija Menyon Pack and Diana Perry claimed to be his legal surviving spouse and alleged that they were legally entitled to the payments. Plaintiff Trustees of the Roofers Local 149 Pension Fund filed this

1

interpleader action to resolve the competing claims. On May 18, 2020, after an evidentiary hearing, the Court granted Plaintiff's motion for summary judgment and determined that Defendant Pack was the surviving spouse for purposes of the pension plan.

In addition to granting summary judgment in favor of the Fund, the Court also directed Plaintiff to submit an additional motion for attorney fees if it wished to pursue such an award. ECF No. 29, PageID.361. On June 1, 2020, Plaintiff filed a motion for reimbursement of attorney fees and costs. ECF No. 31. This Court referred the motion to Magistrate Judge Anthony P. Patti, who filed a report on December 23, 2020, recommending that the Court grant in part and deny in part Plaintiff's motion for reimbursement of attorney fees and costs, and award Plaintiff $1,031.00 against the Pension Fund benefits awarded to Defendant Pack. ECF No. 36. Plaintiff filed timely objections, and Defendant has filed a response.

The Court has reviewed Magistrate Judge Patti's Report and Recommendation, Plaintiff's objections thereto, and Defendants' responses to Plaintiff's objections.  Having reviewed Plaintiff's objections, the Court finds that the fourth objection has merit. The Court will therefore **MODIFY IN PART** the Magistrate Judge's Report and Recommendation. Plaintiff's motion for reimbursement of attorney fees and cost will be **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff will be awarded $1,147.80 in

attorney fees and cost against the Pension Fund benefits awarded
to Defendant Pack.

## I.   Background

The factual background of this dispute is laid out in both
Magistrate Judge Patti's Report and Recommendation (ECF No. 36,
PageID.407-12) and the Court's previous Order for Summary
Judgment (ECF No. 29, PageID.341-48). Nevertheless, the Court
will provide a brief overview of the facts.

Charles Edwards, Jr. was a member of the Roofers Local 149
Pension Fund. According to the Fund's pension plan, the "surviving
spouse" of a member who dies before retirement is eligible to receive
a monthly survivor annuity benefit. ECF No. 20-2. It was
undisputed that Edwards contributed to the Fund, that he passed
before retirement, and therefore, that his surviving spouse was
entitled to receive death benefits under the plan. ECF No. 1,
PageID.4. The only dispute was whether Defendant Perry or Pack,
both of whom were married to Edwards, should legally be
considered Edwards's "surviving spouse."

Plaintiff Trustees of the Roofers Local 149 Pension Fund filed
this complaint in interpleader on March 4, 2019 to "protect itself
against the vexation of multiple lawsuits brought by potential
claimants for the vested benefit." ECF No. 1, PageID.5. Plaintiff
asked the Court to determine who was the proper recipient of the

benefit. Important to this instant motion, Plaintiff highlights that despite this Court's encouragement, Defendants were unrepresented during the discovery process. Plaintiff conducted discovery to build the evidentiary record which included telephone interviews and email correspondence with Defendants and researching various records databases.

On October 30, 2019, Plaintiff filed a motion for summary judgment based on the evidentiary record it developed. Neither Defendant filed an initial response to the motion, and while Defendant Perry had an attorney file an appearance on the date of the motion hearing, the attorney did not attend the hearing. In addition to its request for summary judgment, Plaintiff asked for "entry of a judgment permitting Plaintiff to interplead the benefit, less reasonable attorneys' fees and costs as determined by the Court, for payment to the determined beneficiary." After an evidentiary hearing and supplemental briefing by both Defendants and Plaintiff, this Court granted Plaintiff's motion for summary judgment and awarded the pension fund benefits to Defendant Pack. The Court also directed Plaintiff to submit an additional motion for attorney fees if it wished to pursue such an award.

Plaintiff filed its motion for reimbursement of attorney fees and costs on June 1, 2020, and this Court referred the motion to Magistrate Judge Patti for hearing and determination. On

December 23, 2020, Magistrate Judge Patti issued a Report and Recommendation, recommending that Plaintiff's motion for reimbursement of attorney fees and costs be granted in part and denied in part and Plaintiff be awarded $1,031 against the benefits awarded to Defendant Pack. ECF No. 36, PageID.426. On January 7, 2021, Plaintiff filed objections to the Report and Recommendation. ECF No. 37.

## II.   Standard of Review

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

"The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy," and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arns*, 474 U.S. 140, 147 (1985). As such, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some

objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has concluded that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (abrogated on other grounds *by Jones v. Bock*, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection is too general if it merely restates the arguments previously presented or disputes the recommendation without specifying the findings the party believes to be in error. *Id. See also VanDiver v. Martin*, 304 F.Supp.2d 934 (E.D. Mich. 2004). Where a party fails to make specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Smith*, 829 F.2d at 1373. "[F]ailure to file specific objections to a magistrate's report constitutes waiver of those objections," and the Court is not required to conduct a de novo review of the issues addressed by the magistrate. *Cowherd v.*

6

*Million*, 380 F.3d 909, 912 (6th Cir. 2004). *See Thomas,* 474 U.S. at 149.

### III.   Analysis

Plaintiff raises four objections to the Report and Recommendation. ECF No. 37. Defendant Pack also filed a response to Plaintiff's objections in which she broadly contends the objections are invalid because Plaintiff "failed to identify any erroneous facts or law cited by Magistrate Judge Patti" and instead merely restated the arguments previously presented. ECF No. 38, PageID.447. The Court finds that Plaintiff's objections are proper because they provide substantive critique of the magistrate judge's analysis of the facts and in places they distinguish the case from the legal authority cited in the Report and Recommendation. *See* ECF No. 37, PageID.439-40. Accordingly, the Court will accept Plaintiff's objections as validly presented and address each in turn.

### a.   First Objection: Counsel Litigated Case on Behalf of Both Defendants

Plaintiff first contends that the Report and Recommendation "erroneously denied the reimbursement of attorneys' fees and costs because counsel for the Fund was required to litigate the case on behalf of both Defendants." ECF No. 37, PageID.434. Plaintiff asserts that in the "typical interpleader case" once the complaint is filed, the remaining litigation—including time and costs—is borne out by the defendants. Here, due to the fact that Defendants were

not represented until after Plaintiff filed a motion for summary judgment, Plaintiff did not act as an "observer" in the matter, but was instead "required" to complete discovery and file a motion for summary judgment. ECF No. 37, PageID.434-35. Had Defendants been represented by counsel at the onset of the litigation, Plaintiff would have been merely an observer and not incurred the costs and fees it seeks to be reimbursed for. In sum, Plaintiff argues that the Report and Recommendation "erroneously discounts, or ignores," the fact that the litigation fees and costs it incurred "were caused by the fact that the Defendants did not litigate the case themselves." ECF No. 37, PageID.435.

As outlined in the Report and Recommendation, Plaintiff's motion for attorney fees and cost relies mainly on 29 U.S.C. § 1132(g)(1),[1] which governs the reimbursement of fees and costs in ERISA actions. "In an [ERISA] action by a plan participant, beneficiary, or fiduciary, the court, in its discretion, '*may* allow a reasonable attorney's fee and costs of action to *either* party." *First*

_____

[1] Plaintiff directs the Court to the test under 29 U.S.C. § 1132(g)(1) for ERISA actions, as opposed to the law regarding reimbursement of attorney fees in interpleader actions. *See* ECF No. 31, PageID.371-72. The test for recovering cost and attorney fees in an interpleader action involves a four factor inquiry: "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes,* 148 F. App'x at 259.

8

*Tr. Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005) (quoting 29 U.S.C. § 1132(g)(1)) (emphasis in original). The Sixth Circuit has outlined a five-factor test for courts to consider when assessing whether to award attorney fees and costs in ERISA actions:

    (1) The degree of the opposing party's culpability or bad faith;

    (2) The opposing party's ability to satisfy an award of attorney's fees;

    (3) The deterrent effect of an award on other persons under similar circumstances;

    (4) Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significantly legal questions regarding ERISA; and

    (5) The relative merits of the parties' positions.

*First Tr. Corp.*, 410 F.3d at 851 (quoting *Sec'y of the Dep't of Lab. v. King*, 775 F.2d 666, 669 (6th Cir. 1985)).

Although it is not clear from Plaintiff's objection, the Court views Plaintiff's brief as asserting that the first factor of the test was improperly weighed by the omission of fact because Defendant Pack's "failure to prosecute her claim should be viewed as *culpability* insofar as it caused Plaintiff's counsel to perform her work." ECF No. 37, PageID.436 (emphasis added). The Court is unable to square this objection with Plaintiff's own admission that they ascribe "no culpability or bad faith on the part of Defendant Pack." ECF No. 37, PageID.436. While it is true that Defendant's lack of representation may have resulted in costlier litigation for

9

Plaintiff, as the Report and Recommendation highlights (ECF No. 36, PageID.421), there is no evidence that Defendant Pack's lack of representation was the result of any wrongdoing or bad faith. Nor does the Court view it as such. Each party had a good-faith belief that they may be entitled to benefits. While the Court acknowledges Plaintiff's work in both discovery and on the summary judgment motion, the Court does not believe it would be equitable to require a meritorious defendant who was pro se for the majority of a case to bear the burden of paying the entirety of Plaintiff's costs and fees.

Additionally, even if the Court did find culpability as Plaintiff requests, the other applicable factors do not support a finding that Defendant Pack should bear the full amount of fees and costs requested. To satisfy the full amount of fees and costs would consume the great majority of the lump sum benefit payment Defendant Pack is to receive—a result that fairness cautions against. ECF No. 33, PageID.390. *See Humana Ins. Co. of Ky. V. O'Neal*, No. 16-173, 2017 WL 3015173, at *7 (E.D. Ky. July 14, 2017). As Judge Patti highlighted, the fact that Defendant Pack obtained an attorney only *after* the Court found her to be the legal beneficiary supports the idea that Defendant Pack could not satisfy an award for attorney fees apart from taking it out of the benefits she is entitled to.

Next, as Plaintiff appears to concede, there is no deterrent effect of an award of attorney fees or costs in this situation because there is no evidence that being ordered to pay attorney fees would deter Defendant Pack or others in this situation from seeking benefits to which they are entitled. ECF No. 31, PageID.373. The Court also finds no reasons why those with legitimate claims should be deterred from seeking benefits. Fourth, while Defendant Pack benefitted from the litigation, the Fund also incurred a benefit: ensuring that it paid the benefit to the correct beneficiary while avoiding exposure to multiple liability. *See Sun Life Assur. Co. of Canada v. Thomas*, 735 F.Supp. 730, 733 (W.D. Mich. 1990). As to the final factor, the merits of the parties' positions, the magistrate judge noted and Plaintiff concedes that this factor is largely irrelevant because the Fund is a disinterested party who did not deny benefits to either Defendant. If the merits were relevant, this factor would tip in favor of Defendant Pack because her claim was ultimately found meritorious. On balance—even considering the Fund's role in the litigation and Defendants' lack of counsel—the Court finds these factors weigh against awarding Plaintiff costs and fees totaling $13,185.60.

Finally, the magistrate judge's recommendation does differentiate and recommend an award of fees and costs for Defendant Pack's lack of cooperation with regard to service and

delayed responses. ECF No. 36, PageID.425. Plaintiff does not go wholly uncompensated; rather, the award adequately reflects an analysis of a variety of factors and ultimately determines where in the litigation it would be equitable to have Defendant Pack bear costs.

In sum, having balanced the factors utilized to determine when a fee and cost award is appropriate, the Court finds that it would be inequitable for Defendant Pack to bear the full amount of Plaintiff's costs and fees. Accordingly, Plaintiff's first objection will be overruled.

### b. Second Objection: Unfairly Grants Defendant Pack a Windfall

Next, Plaintiff contends that the denial of the reimbursement of attorney fees and costs "unfairly" grants Defendant Pack a windfall as she was awarded benefits based on the work of Plaintiff's counsel. ECF No. 37, PageID.436. Rather than hire legal counsel, Plaintiff asserts that Defendant Pack relied on the work performed by the Fund's counsel including discovery, research, and writing. Plaintiff disputes the Report and Recommendation's conclusion that Defendant Pack "self-represented" throughout the matter because "she did not conduct discovery or make legal arguments." ECF No. 37, PageID.440. According to Plaintiff, it would be unfair and prejudicial to permit Defendant Pack "to rely

on the work product of Plaintiff's counsel as the basis for her benefit, without compensating Plaintiff's counsel." ECF No. 37, PageID.438. Further, Plaintiff attempts to distinguish the situation from *Humana Insurance Company of Kentucky v. O'Neal*, cited in the Report and Recommendation. No. 16-173-DLB-JGW, 2017 WL 3015173 (E.D. Ky. July 14, 2017). Unlike the defendants in *O'Neal*, Plaintiff claims Defendant Pack did not actively pursue the benefit and "was only brought in upon Plaintiff's investigation and prompting (albeit necessary in order to proceed with the matter)." ECF No. 37, PageID.440. Because Defendant Pack did not actively pursue the benefit, conduct discovery, make legal arguments, produce records, or hire counsel initially, Plaintiff claims they are entitled to reimbursement of the attorney fees and cost they expended which resulted in Defendant Pack's award.

As discussed in the previous section, the Court is bound by the Sixth Circuit's instruction for assessing attorney fees and costs in ERISA actions and must consider the five factors where no single factor is determinative. *King*, 775 F.2d at 669. While not clear from the motion, it appears Plaintiff's second objection asks the Court to determine that Defendant Pack was "negligent" under the first factor in failing to pursue the benefit initially.

For the reasons discussed above, the Court will overrule Plaintiff's second objection as the Court finds no evidence or

authority that requires it to view Defendant Pack's lack of representation as negligence, bad faith, or the result of any wrongdoing. While the Court encouraged Defendant Pack to retain counsel, individual litigants may choose to proceed pro se in actions. While pro se parties are required to follow and abide by the Court's procedures and rules, the failure to obtain counsel cannot automatically be presumed to be due to a "lack of cooperation." Here, when Defendant Pack failed to follow Court procedures and caused unnecessary delay, the magistrate judge did indeed recommend that she pay the associated fees and costs for Plaintiff. However, based on the five factor test the Court does not find it would be equitable to have Defendant Pack bear the entirety of the cost and fees requested.

The Court also disagrees with Plaintiff's attempts to distinguish this case from *O'Neal*. Plaintiff claims—unlike both beneficiaries in *O'Neal*—Defendant Pack did not actively pursue the benefit and was only brought in upon "Plaintiff's investigation and prompting." ECF No. 37, PageID.440. However, the Court differs with Plaintiff's characterization of Defendant Pack's actions. Her failure to pursue the benefit was not due to negligence or bad faith. Defendant Pack had no reason to believe that she was not entitled to the benefit: a marriage license was issued to her and Mr. Edwards, she remained married to him for 27 years, the couple had

several children together, shared household expenses, and combined finances. The couple listed each other as beneficiaries on benefits, Defendant Pack was by Mr. Edwards's side when he passed, and the death certificate named Defendant Pack as his wife. *See* ECF No. 29, PageID.343-47. During the evidentiary hearing, Defendant Pack testified that—like the process that occurred with the decedent's social security benefits—she believed she would be contacted after Mr. Edwards's death and told the process for collecting the benefits. ECF No. 24, PageID.207-08. Taken together, the Court finds this—and not any non-cooperation or negligence— to be a rational explanation for not initially applying for the death benefits as the surviving spouse.

Next, Defendant Pack's failure to file a cross claim cannot be viewed as a failure to actively pursue the benefit. Plaintiff asserts that in *O'Neal* "*both* potential beneficiaries actively pursued the life insurance benefit." ECF No. 37, PageID.440 (emphasis added). But only one defendant in *O'Neal* filed a cross claim, which was later voluntarily dismissed.  2017 WL 3015173, at *1 ("O'Neal filed a cross-claim against Perkins and a counterclaim against Humana. O'Neal later voluntarily dismissed her cross-claim against Perkins.") (internal citations omitted). Therefore, Plaintiff is unable to argue that filing a cross claim is necessary to demonstrate an active pursuit of a benefit. The Court in *O'Neal* also did not assess

15

the parties' active pursuit of the life insurance benefit when determining whether to award attorney fees. Rather, just as the magistrate judge did here, the court evaluated the five factors outlined by the Sixth Circuit and—amongst other things— determined that neither potential beneficiary acted in bad faith as "[e]ach party had a good-faith belief that they may be entitled to benefits." *Id.* at \*7.

Any claim that *O'Neal* is distinguishable from the current facts because the plaintiff in *O'Neal* was "effectively forced to proceed with an interpleading action" is also unpersuasive. ECF No. 27, PageID.440. Plaintiff conceded during the March 4, 2020 hearing that the interpleader action was necessary because the Fund was unable to determine which potential beneficiary was the surviving spouse. ECF No. 24, PageID.166. ("The facts are extraordinary, and that's why the Fund even to this day has the position of it doesn't know which – which of these defendants is the surviving spouse absent additional information."). Even Plaintiff's own objection notes that their investigation and prompting to bring Defendant Pack into this case was "necessary in order to proceed with the matter." ECF No. 37, PageID.440.

Finally, accepting as true that Plaintiff took on an outsized role in this interpleader action, it is inaccurate to say that Defendant Pack did not "self-represent" herself prior to obtaining

16

counsel. While Plaintiff is correct that Defendant Pack did not file a complaint and crossclaim, she did file an answer to the complaint (ECF No. 16), testified during the March 4, 2020, hearing (ECF No. 24), and filed a response to Plaintiff's motion for summary judgment (ECF No. 28).

In sum, while the Court again acknowledges Plaintiff's work on discovery and the summary judgment motion—both of which benefited Defendant Pack, aided the Court in reaching a just decision, and may have exceeded the function played in traditional interpleader claims—the Court finds based on the five-factor test outlined in *King* that Plaintiff is not entitled to the full amount of costs and fees they request. Plaintiff's second objection will be overruled.

### c. Third Objection: Actions of Fund Participant Caused Dispute

Third, Plaintiff objects to the Report and Recommendation on the basis that the facts giving rise to the dispute are unusual and not foreseeable to the fund. ECF No. 37, PageID.441. As such, Plaintiff asserts the Fund was not in a better position to absorb the litigation costs because it is a not for profit entity who—unlike the insurance companies in interpleader actions where courts have declined to award attorney fees—typically proceeds in these actions as an "disinterested party." Here, Plaintiff contends the Fund went

"above and beyond its typical duties" and therefore the Fund argues it should not have to pay attorney fees or costs caused by these unforeseeable circumstances.

While Plaintiff's original motions directed the Court to consider the five factors outlined in *King* to determine whether to award fees and costs in an ERISA action, the third objection focuses on the test for attorney fees in interpleader actions. "Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." *Holmes v. Artists Rts. Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (citation and quotations omitted). However, courts have discretion to award costs and fees whenever it is "fair and equitable to do so." *Id*. "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id*. (citing *Septembertide Pub., B.V. v. Stein and Day, Inc.*, 884 F.2d 675 (2d Cir. 1989)). While generally costs and fees "are to be awarded to an innocent and otherwise disinterested stakeholder," the "courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business." *Sun Life Assur. Co. of Canada*, 735 F.Supp. at 733.

18

The Court disagrees with the arguments presented in the third objection. First, it is foreseeable that a Fund—even as a non-profit entity—would experience disputes and conflicting claims over benefits owed to beneficiaries. *See Sun Life Assur. Co. of Canada*, 735 F.Supp. at 733 ("Conflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan, such as a group life insurance policy, are inevitable. These potential conflicts are part of the business risk assumed by one who provides such policies."). Even Plaintiff's counsel acknowledged that in their experience representing "both construction trade, pension funds and municipal funds," while not routine, "it is a reoccurrence where a board will decide which, if any, of two competing spouses are entitled to a benefit." ECF No. 24, PageID.166. The Court recognizes, as has been pointed out in Plaintiff's briefing and by counsel during the March 4, 2020 hearing, that the facts of this case are unique. However, Plaintiff's argument fails to take into account the benefit brought to Plaintiff themselves from the resolution of the interpleader suit. As the court in *Thomas* stated, "[g]iven that interpleader frees the stakeholder from the vexation of multiple suits and liability, an interpleader action brought by the provider of an employee welfare benefit plan or an insurance company is brought primarily in the company's own self-interest." 735 F.Supp. at 733. Because disputes over entitlements to benefits are

19

foreseeable, the benefit the resolution provided to the Fund, and the fact that an award of the amount requested by Plaintiffs would deplete the fund that is the subject of preservation through the interpleader, the Court finds that it is fair and equitable to award Plaintiff only the cost associated with Defendant's Pack's delayed response and issues with service.

Accordingly, the third objection will be overruled.

### d. Fourth Objection: Evidentiary Hearing Transcript

Finally, Plaintiff asserts that the Report and Recommendation "wrongfully denied" the reimbursement of the costs for ordering the evidentiary hearing transcript which. ECF No. 37, PageID.443, Specifically, Plaintiff contends that "Judge Berg requested that Fund counsel order the transcript" and that it was provided to Defendants so that they would not have to purchase the transcript on their own. ECF No. 37, PageID.443.

While Plaintiff is correct that the Court agreed that the transcript be ordered, the objection mischaracterizes the record. After both Defendants were questioned during the evidentiary hearing, the Court and Plaintiff's counsel had the following exchange:

THE COURT: Well, so Mr. Henzi, if you wish to make any additional argument at this time, I'd be happy to hear from you.

MR. HENZI: I don't know that I want to make any further argument. I will ask to incorporate today's testimony into the record and make it a part of the motion for summary judgment. I think the cited law and the analysis remains the same and it's just been supplemented by the testimony today.

THE COURT: Are you going to order the transcript then and make it part of the record?

MR. HENZI: Yes.

THE COURT: All right. I would suggest that you do that and do it as soon as you can.

ECF No. 24, PageID.216-17.

The Court did not initiate any request to Plaintiff's counsel to order the transcript. Rather, Plaintiff's counsel first *asked* "to incorporate today's testimony into the record and make it a part of the motion for summary judgment." Then the Court asked whether counsel was going to order the transcript and make it part of the record. Plaintiff's counsel responded affirmatively. The Court sees no evidence that it initially "requested" the Plaintiff order the transcript.

Nevertheless, the Court will sustain Plaintiff's objection and order partial reimbursement in the amount of $116.80 for the purchase of the evidentiary transcript. While the Court did not

request or direct Plaintiff's counsel to order the transcript, the Court finds that the principles of fairness and equity support awarding Plaintiff half the cost of the transcript as the evidence included in the transcript was largely the basis for Defendant Pack's award and was utilized in subsequent filings by Defendant Pack. *See* ECF No. 35, PageID.399 (discussing the evidentiary hearing and the evidence produced).

Accordingly, the fourth objection will be sustained in part.

## Conclusion

After a *de novo* review of the record and the materials submitted by the parties, the Court concludes Magistrate Judge Patti properly reviewed the record and applied the correct law in reaching his conclusion. For the reasons set forth above, Plaintiff's objections are **SUSTAINED IN PART AND OVERRULED IN PART**, and the Report and Recommendation is **ADOPTED IN PART AND MODIFIED IN PART**.

Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiff's motion for reimbursement of attorney fees and costs, and award Plaintiff $1,147.80 against the Pension Fund benefits awarded to Defendant Pack.

**SO ORDERED.**

22

Dated: March 25, 2021        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE